UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10097RWZ

EILEEN GRADY,  )
                        )
        Plaintiff     )
                        )
v.                      )
                        )
WAREHAM POLICE DEPARTMENT,  )
TOWN OF WAREHAM, THOMAS  )
JOYCE (individually), and MICHAEL  )
HARTMAN (individually)  )
                        )
        Defendants

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

The Defendants, Wareham Police Department, Town of Wareham, Thomas Joyce (individually), and Michael Hartman (individually) (hereinafter "Defendants") hereby respond to each numbered paragraph of the Plaintiff's Amended Complaint as follows:

### Introduction

The Defendants state that this is an introductory paragraph and therefore no response is required. To the extent that a response is required, the Defendants deny the allegations contained in this paragraph.

### Jurisdiction

1. The Defendants state that this paragraph is a conclusion of law and therefore no response is required. To the extent that a response is required, the Defendants deny the allegations contained in this paragraph.

2. The Defendants deny the allegations contained in this paragraph.

### Parties

3. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

1

4. The Defendants admit the allegations contained in this paragraph.

5. The Defendants admit the allegations contained in this paragraph.

6. The Defendants admit the allegations contained in this paragraph.

7. The Defendants admit the allegations contained in this paragraph.

### Facts

8. The Defendants admit that Eileen Grady (hereinafter "Plaintiff") began her law enforcement career in 1985 when the Wareham Police Department hired her. The Defendants deny the remaining the allegations contained in this paragraph.

9. The Defendants admit the allegations contained in this paragraph.

10. The Defendants deny the allegations contained in this paragraph.

11. The Defendants admit that the Plaintiff served as a Patrol Officer from 1985-1996. The Defendants deny the remaining allegations contained in this paragraph.

12. The Defendants admit that the Plaintiff received some positive performance ratings. The Defendants deny the remaining allegations contained in this paragraph.

13. The Defendants admit that the Plaintiff was promoted to Sergeant in 1996. The Defendants deny the remaining allegations contained in this paragraph.

14. The Defendants admit the allegations contained in this paragraph.

15. The Defendants admit the allegations contained in this paragraph.

16. The Defendants admit that at times during her tenure, the Plaintiff was commended for her positive relations with the community. The Defendants admit that the Plaintiff received a number of awards from various

community organizations. The Defendants deny the remaining allegations contained in this paragraph.

17. The Defendants deny the allegations contained in this paragraph.

18. The Defendants deny the allegations contained in this paragraph.

19. The Defendants deny the allegations contained in this paragraph.

20. The Defendants deny the allegations contained in this paragraph.

21. The Defendants deny the allegations contained in this paragraph.

22. The Defendants deny the allegations contained in this paragraph.

23. The Defendants admit the allegations contained in this paragraph.

24. The Defendants deny the allegations contained in this paragraph.

25. The Defendants admit the allegations contained in this paragraph.

26. The Defendants deny the allegations contained in this paragraph.

27. The Defendants admit that a Sergeant position became available in 1992 and that the Plaintiff was not promoted. The Defendants deny the remaining allegations contained in this paragraph.

28. The Defendants deny the allegations contained in this paragraph.

29. The Defendants admit the allegations contained in this paragraph.

30. The Defendants admit that the position of Detective became available. The Defendants deny the remaining allegations contained in this paragraph.

31. The Defendants admit that in 1996, the Plaintiff was promoted to a Sergeant position. The Defendants deny the remaining allegations contained in this paragraph.

32. The Defendants deny the allegations contained in this paragraph.

33. The Defendants deny the allegations contained in this paragraph.

34. The Defendants deny the allegations contained in this paragraph.

35. The Defendants deny the allegations contained in this paragraph.

36. The Defendants deny the allegations contained in this paragraph.

37. The Defendants deny the allegations contained in this paragraph.

38. The Defendants admit that three murders occurred while the Plaintiff was shift supervisor. The Defendants deny the remaining allegations contained in this paragraph.

39. The Defendants admit that a position of Lieutenant became available in the Department. The Defendants deny the remaining allegations contained in this paragraph.

40. The Defendants deny the allegations contained in this paragraph.

41. The Defendants deny the allegations contained in this paragraph.

42. The Defendants deny the allegations contained in this paragraph.

43. The Defendants admit that the Plaintiff sat for the Lieutenant promotional exam along with other candidates and that the Plaintiff obtained a score of 88. The Defendants further admit the allegations contained in the third sentence of this paragraph. The Defendants deny the remaining allegations contained in this paragraph.

44. The Defendants admit that the candidates for Lieutenant underwent an evaluation by an assessment center. The Defendants deny the remaining allegations contained in this paragraph.

45. The Defendants admit the allegations contained in this paragraph.

46. The Defendants deny the allegations contained in this paragraph.

47. The Defendants deny that Chief Miller's department has never had a female officer. The Defendants admit that Chief Miller is a friend of Chief Joyce. The Defendants deny the remaining allegations contained in this paragraph.

48. The Defendants admit the allegations contained in this paragraph except for the allegation that the Defendants deny that the ultimate selection was made by Chief Joyce.

49. The Defendants admit the allegations contained in this paragraph.

50. The Defendants admit that the evaluation conducted on August 29, 2003 consisted of several parts. The Defendants deny the remaining allegations contained in this paragraph.

51. The Defendants admit that the candidates were interviewed by Chief Joyce. The Defendants further admit that the Plaintiff told Chief Joyce that she was also interested in the position of Detective Sergeant. The Defendants deny the remaining allegations contained in this paragraph.

52. The Defendants admit that on or about September 24, 2003, Chief Joyce notified Grady of the Department's selection for promotion to Lieutenant. The Defendants admit that Donald Bliss was promoted and that the Plaintiff was bypassed. The Defendants deny the remaining allegations contained in this paragraph.

53. The Defendants deny the allegations contained in this paragraph.

54. The Defendants deny the allegations contained in this paragraph.

55. The Defendants deny the allegations contained in this paragraph.

56. The Defendants deny the allegations contained in the first sentence of this paragraph. The Defendants admit that the Department currently has four females on the roster of approximately forty-three officers. The Defendants deny the allegations contained in the third sentence of this paragraph.

57. The Defendants admit that Ms. Walker filed a gender discrimination claim at the MCAD. The Defendants deny that the MCAD found in her favor. The Defendants admit that the claim was settled.

58. The Defendants admit that the Plaintiff was not assigned to the position of Detective Sergeant. The Defendants deny the remaining allegations contained in this paragraph.

59. The Defendants deny the allegations contained in this paragraph.

60. The Defendants deny the allegations contained in this paragraph.

61. The Defendants admit the allegations contained in this paragraph.

62. The Defendants admit the allegations contained in this paragraph.

63. The Defendants admit the allegations contained in this paragraph.

64. The Defendants admit the allegations contained in this paragraph.

65. The Defendants deny the allegations contained in this paragraph.

66. The Defendants deny the allegations contained in this paragraph.

67. The Defendants deny the allegations contained in this paragraph.

68. The Defendants deny the allegations contained in this paragraph.

69. The Defendants deny the allegations contained in this paragraph.

70. The Defendants deny the allegations contained in this paragraph.

### COUNT I
### TITLE VII – SEX DISCRIMINATION
### (Against Department and Town)

71. The Defendants repeat and reallege herein their responses to paragraphs 1 through 70 above.

72. The Defendants deny the allegations contained in this paragraph.

73. The Defendants deny the allegations contained in this paragraph.

## COUNT II
## M.G.L. c. 151 §4(1) – SEX DISCRIMINATION
## (Against Department and Town)

74. The Defendants repeat and reallege herein their responses to paragraphs 1 through 73 above.

75. The Defendants deny the allegations contained in this paragraph.

76. The Defendants deny the allegations contained in this paragraph.

## COUNT III
## TITLE VII- RETALIATION
## (Against Department and Town)

77. The Defendants repeat and reallege herein their responses to paragraphs 1 through 76 above.

78. The Defendants deny the allegations contained in this paragraph.

79. The Defendants deny the allegations contained in this paragraph.

## COUNT IV
## G.L. c. 151B, §4(4) – RETALIATION
## (Against Department, Town and Joyce)

80. The Defendants repeat and reallege herein their response to paragraphs 1 through 79 above.

81. The Defendants deny the allegations contained in this paragraph.

82. The Defendants deny the allegations contained in this paragraph.

## COUNT V
## M.G.L. c. 151B, §4(4A) – INTERFERENCE
## (Against All Defendants)

83. The Defendants repeat and reallege herein their responses to paragraphs 1 through 82 above.

84. The Defendants deny the allegations contained in this paragraph.

85. The Defendants deny the allegations contained in this paragraph.

## COUNT VI
### M.G.L. c. 151B §4(5) – AIDING, ABETTING, INCITING, COMPELLING AND/OR COERCION
### (Against Joyce and Hartman)

86. The Defendants repeat and reallege herein their responses to paragraphs 1 through 85 above.

87. The Defendants deny the allegations contained in this paragraph.

88. The Defendants deny the allegations contained in this paragraph.

## COUNT VII
### TORTUOUS INTERFERENCE WITH CONTRACTUAL/ADVANTAGEOUS EMPLOYMENT RELATIONS
### (Against Joyce and Hartman)

89. The Defendants repeat and reallege herein their responses to paragraphs 1 through 88 above.

90. The Defendants admit that the Plaintiff is employed by the Town. The Defendants deny the remaining allegations contained in this paragraph.

91. The Defendants admit that they were aware the Plaintiff was employed by the Town. The Defendants deny the remaining allegations contained in this paragraph.

92. The Defendants deny the allegations contained in this paragraph.

93. The Defendants deny the allegations contained in this paragraph.

WHEREFORE, the Defendants hereby request that judgment be entered in their favor with interests, fees, and costs awarded to it.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff failed to file her Complaint with the Administrative Agency as required within the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that all of the Plaintiff's allegations of actions or inactions that she claims evidence the Defendants' gender discrimination that occurred prior to the September 2003 bypass are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants state that the Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Mass. R. Civ. P. 12(b)(6).

## JURY CLAIM

THE DEFENDANTS CLAIM A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

        Respectfully submitted,
        The Defendant,
        Wareham Police Department, Town of Wareham,
        Thomas Joyce (individually) and Michael
        Hartman (individually),
        By its attorneys,


        /s/ Deborah I. Ecker
        Leonard H. Kesten, B.B.O. No.: 542042
        Deborah I. Ecker, B.B.O. No.: 554623
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza, 12th Floor
        Boston, MA  02116
        (617) 880-7100

DATED: June 2, 2005