UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-10097JDG

| | |
|---|---|
| EILEEN GRADY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WAREHAM POLICE DEPARTMENT, )<br>TOWN OF WAREHAM, THOMAS )<br>JOYCE (individually), and MICHAEL )<br>HARTMAN (individually) )<br>)<br>Defendants | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

The Defendants, the Town of Wareham Police Department, the Town of Wareham, Thomas Joyce (individually) and Michael Hartman (individually) (hereinafter the "Defendants") hereby oppose the Plaintiff's Motion to Compel the Defendants to Produce Documents. The Plaintiff filed her Complaint after she was not promoted to the position of Lieutenant. In her Complaint, she claims that she was not promoted because of her gender and takes issue with the Defendants' use of an outside assessment center to assist them in making the decision as to which Sergeant to promote to the position of Lieutenant. Despite their use in other police departments, the Plaintiff claims that the Defendants decided to implement the use of an assessment center in this case because they did not want a female sergeant to be promoted to the position of Lieutenant. Subsequent to her filing her Complaint, the Plaintiff filed an Amended Complaint claiming that she has been the subject of retaliation.

The Plaintiff propounded documents requests on the Defendants. The Defendants have provided the Plaintiff with numerous documents in response. The Defendants should not be compelled to provide the additional documents sought as the additional documents

1

are not relevant to the Plaintiff's complaint and are not reasonably calculated to lead to the discovery of admissible evidence at trial. In addition, the personnel file's sought of almost every police officer who has worked for the Town of Wareham Police Department contain confidential information and the request for such documents is clearly overbroad and not reasonably calculated to lead to the discovery of admissible evidence at trial. As further grounds, the Defendants state as follows as to the document requests at issue:

1. **Requests Numbers 9 and 10**

In Requests Numbers 9 and 10, the Plaintiff seeks promotional records from the Defendants for the years 1980 to the present. In response to these requests, the Defendants objected but not withstanding produced all promotional documents for the years 1987 to the present date, the time period that the Plaintiff has been employed at the Town of Wareham Police Department. The Plaintiff now seeks additional documents regarding promotions within the Town of Wareham Police Department beyond that twenty year period. Any such documents are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence. The documents are not relevant to the subject matter of this action as the Plaintiff was obviously not eligible for promotion prior to 1987 as she was not employed by the Defendants. The Defendants have produced eighteen years of documents to the Plaintiff concerning civil service records and other documents evidencing promotions made within the Department to assist the Plaintiff in her attempt to prove her allegations. It is overburdensome to the Defendants to have to produce seven more years of civil service records for a time period during which the Plaintiff was not even employed. Likewise, while the Plaintiff has requested promotional documents related to the Captain and Chief positions, as the Plaintiff was never eligible for and never applied for the positions of Captain or Chief, any such documents are not relevant to this matter. Information as to whether the Captain

and/or Chief position was always filled by use of the civil service list and/or whether any other factors were taken into account when making those decisions can be addressed by the Plaintiff with a few questions at the deposition of the Chief and in fact was addressed by the Plaintiff at the deposition of the former Captain in the Wareham Police Department.

Accordingly, the Defendants should not be compelled to produce additional promotional records for the years 1980 to 1987 or promotional documents as relates to the Captain and Chief positions.

2.   **Document Requests Numbers 7 and 8**

In Requests Numbers 7 and 8, the Plaintiff seeks entire personnel files of almost all of the police officers employed by the Town of Wareham Police Department allegedly to determine whether or not she is more qualified than other police officers who were promoted over her and/or whether other female officers are more qualified than male police officers who have been promoted. Further, the Plaintiff seeks the personnel files ostensibly to prove that other male officers similarly situated were treated differently than she was when being disciplined. The Defendants objected to the Plaintiff's broad requests on the grounds not only that the request was clearly overbroad and sought information not relevant to the subject matter of this action, but also because much of the information contained in the officers' personnel files is confidential. The Defendants' concerns are not alleviated by a confidentiality agreement between the parties as it would still allow the Plaintiff who is an active member of the Town of Wareham Police Department access to confidential information contained in her fellow officers' and supervisor's personnel files.

"To resolve discovery disputes of this kind, a...court must balance the plaintiff's interests in disclosure against the state's legitimate concern of protecting the confidentiality of the officers' personnel files from unnecessary intrusions." Mercado v. Division of New York State Police, 989 F.Supp. 521, 522 (S.D.N.Y. 1998). While the Plaintiff here certainly

has a degree of interest in <u>a small portion</u> of the information she is seeking, that interest does not outweigh the substantial interest that the Wareham Police Department has in protecting the privacy of its officers. The information in these personnel files is undeniably sensitive. Even with the names of the officers redacted the individual facts of the incidents or other matters contained in the personnel files are widely known, and could lead to identification of the officers involved. Thus, redaction in and of itself and/or a confidentiality agreement cannot fully protect the privacy interest of the defendants; as such, the documents should not be subject to discovery and this motion should be denied.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion to Compel additional documents.

                                              Respectfully submitted,
                                              The Defendant,
                                              Wareham Police Department, Town of Wareham,
                                              Thomas Joyce (individually) and Michael
                                              Hartman (individually),
                                              By its attorneys,

                                              /s/ Deborah I. Ecker
                                              Leonard H. Kesten, B.B.O. No.: 542042
                                              Deborah I. Ecker, B.B.O. No.: 554623
                                              BRODY, HARDOON, PERKINS & KESTEN, LLP
                                              One Exeter Plaza, 12th Floor
                                              Boston, MA 02116
                                              (617) 880-7100

DATED: November 7, 2005