UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EILEEN GRADY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 05-10097-JGD |
| | ) | |
| WAREHAM POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER SETTING CASE FOR TRIAL

June 13, 2006

DEIN, U.S.M.J.

It is ORDERED that the trial in this case shall commence with empanelment of the jury on **Monday, October 30, 2006, at 9:00 a.m.** in Courtroom #15 on the 5th floor. The parties shall be prepared to proceed with opening statements and the presentation of evidence immediately thereafter. The case shall be tried from 9:00 a.m. to 1:00 p.m. daily until completion.

1. Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.5, it is further ORDERED that counsel appear for a Final Pretrial Conference on **Monday, October 23, 2006, at 2:00 p.m.** in Courtroom #15 on the 5th floor.

2. In preparation for this Final Pretrial Conference, it is ORDERED that the parties disclose to each other in accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule

16.5(C) no later than **September 22, 2006:**

    (a)    All photographs, documents, instruments and other objects any counsel intends to offer as exhibits at trial, other than solely for impeachment;

    (b)    The names, addresses and telephone numbers of witnesses each party intends to call at trial, including expert witnesses; and

    (c)    The names of witnesses whose testimony is to be presented by means of deposition and a transcript of the pertinent portions of the deposition testimony.

Unless previously ordered by the court otherwise, any expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be made at least 90 days prior to the Final Pretrial Conference, pursuant to Local Rules 16.5(C) and 26.4(A).

    3.    Following the parties' disclosures, each party shall serve on the other by no later than **October 3, 2006** a list describing any objections and the grounds therefor.  As per Local Rule 16.5(C), these objections shall be a subject of the meeting described in paragraph 4 below and, if not resolved, shall be presented to the court in the parties' pretrial briefs.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived according to Fed. R. Civ. P. 26(a)(3) unless excused by the court for good cause.

    4.    In further preparation for the Final Pretrial Conference, it is ORDERED pursuant to Local Rule 16.5(D) that the parties meet in person on or before **October 9, 2006** to discuss and negotiate settlement of the action, to narrow the issues to be tried,

and to prepare a Joint Pretrial Memorandum as described in paragraph 5 below.

     5.     Counsel shall jointly prepare and file no later than **October 16, 2006** a <u>Joint Pretrial Memorandum</u> setting forth the following information prescribed by Local Rule 16.5(D):

    (a)    A concise summary of the evidence which will be offered by each of the parties with respect to both liability and damages (including special damages, if any);

    (b)    A statement of facts established by the pleadings, by admission, or by stipulation. Counsel shall stipulate as to all facts not genuinely in dispute;

    (c)    Any contested issues of fact;

    (d)    Any jurisdictional questions;

    (e)    Any questions raised by pending motions;

    (f)    Issues of law, including evidentiary questions, together with supporting authority;

    (g)    Any requested amendments to the pleadings;

    (h)    Any additional matters to aid in the disposition of the action;

    (i)    The probable length of the trial;

    (j)    The names, addresses and telephone numbers of all witnesses, including experts, expected to testify at trial, and whether the testimony of any such witness is to be presented by deposition. Unless the parties have stipulated to the qualifications of any expert witness, a statement of the qualifications shall be included;

    (k)    A "Joint List of Exhibits" (photographs, documents, instruments, and all other objects) as to which there is <u>no objection</u>, in order of their introduction to the court, identified

    and marked by a <u>single sequence of numbers</u> regardless of which party is the proponent;

(l) A "List of Exhibits to be Offered at Trial" as to which any party reserves the right to object, identified and marked by a <u>single sequence of capital letters</u> regardless of which party is the proponent;

(m) The parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), as well as to any deposition testimony being offered.

6. Counsel shall separately prepare and file no later than **October 16, 2006** a <u>Trial Brief</u>, pursuant to Local Rule 16.5(F), which sets forth the following:

(a) Motions <u>in</u> <u>limine</u> or other requests regarding foreseeable disputes concerning evidentiary issues, including authority for the ruling requested.

(b) In cases to be tried by a jury:

(1) A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment;

(2) Any proposed questions for the voir dire examination of the jury;

(3) Requests for instructions to the jury, with citations to supporting authority; and

(4) Any proposed interrogatories or special verdict form.

(c) In non-jury cases, proposed findings of fact and requested rulings of law.

7. Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys in the case have not been notified shall forthwith notify the additional

attorney(s) in writing as to the entry of this Order, and shall file a copy of the writing with the Clerk.

Counsel are cautioned that failure to comply fully with this Order may result in sanctions to be imposed by the court. The timely filing of these trial documents is required.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge